UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

LISA ANN OVERSTREET,

        Plaintiff,

    vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

------------------------------------------------------------

CASE NO. 1:20-cv-00645

OPINION & ORDER
[Resolving Docs. 1, 19]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Lisa Ann Overstreet seeks judicial review of the Social Security Commissioner's final decision denying her application for supplemental security income.[1] Magistrate Judge Carmen E. Henderson recommends affirming the denial of benefits.[2] Plaintiff raises three objections.[3]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation ("R&R"), and **AFFIRMS** the decision of the Commissioner of Social Security.

## I. Background

On April 5, 2016, Plaintiff Overstreet applied for Social Security benefits due to bipolar disorder, anxiety disorder, and PTSD.[4]

---

[1] Doc. 1. Plaintiff submitted her application using her former surname, Perkins. Doc. 15 at 1.
[2] Doc. 19.
[3] Doc. 20.
[4] Doc. 12 ("Transcript" or "Tr.") at PageID #: 82, 226, 254.

Case No. 20-cv-00645
Gwin, J.

On October 23, 2018, Overstreet had a hearing before a Social Security Administrative Law Judge ("ALJ").[5]

On December 17, 2018, the ALJ found Plaintiff not disabled under the Social Security Act.[6] The Appeals Council denied her request for review.[7]

On March 26, 2020, Plaintiff Overstreet filed this case seeking review of the Social Security Administration's unfavorable decision.[8]

In her merits brief, Overstreet raised two legal issues.[9] First, she argued that the ALJ failed to properly evaluate the totality of record evidence when making findings about Overstreet's residual capabilities. Plaintiff highlighted medical evidence indicating Overstreet's memory issues, interacting issues, and adaptation issues.[10] Second, she argued that the ALJ erred in crafting the residual functional capacity finding. Specifically, she asserted that the ALJ failed to include all the limitations that state agency psychologists identified.[11]

The Commissioner opposed, arguing that (1) the ALJ properly considered all the evidence and drew conclusions supported by substantial evidence, and (2) the ALJ is not required to adopt state agency psychologist opinions verbatim.[12]

On May 17, 2021, Magistrate Judge Henderson recommended that the Court affirm the Social Security Administration's denial of benefits.[13] Judge Henderson concluded that

---

[5] Tr. at PageID #: 96. Plaintiff had an earlier hearing on February 7, 2018, but it ended early when Plaintiff decided to seek counsel. *Id.* at PageID #: 112-18.
[6] *Id.* at PageID #: 79.
[7] *Id.* at PageID #: 68.
[8] Doc. 1.
[9] Doc. 15 at 1.
[10] *Id.* at 9-10.
[11] *Id.* at 15.
[12] Doc. 17 at 1-2, 10-14.
[13] Doc. 19.

-2-

Case No. 20-cv-00645
Gwin, J.

substantial evidence supported the ALJ's findings about Plaintiff Overstreet's abilities.[14] In addition, she found substantial evidence supported the ALJ's finding about Overstreet's work potential.[15] The magistrate judge further determined that the ALJ properly considered the medical and non-medical record evidence when making these findings.[16]

Judge Henderson also found that the ALJ did not err in determining Plaintiff Overstreet's residual function capacity. The magistrate judge rejected Overstreet's argument that the ALJ is required to adopt reviewing psychologists' conclusions verbatim.[17]

On May 28, 2021, Plaintiff objected to Magistrate Judge Henderson's report and recommendation ("R&R").[18]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the R&R to which the parties object.[19] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[20]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[21] Substantial evidence is "such relevant

---

[14] *Id.* at 14, 16-21.
[15] *Id.* at 24-25.
[16] *Id.* at 22.
[17] *Id.* at 27-30.
[18] Doc. 20.
[19] 28 U.S.C. § 636(b)(1).
[20] *Id.*
[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).

-3-

Case No. 20-cv-00645
Gwin, J.

evidence as a reasonable mind might accept as adequate to support a conclusion."[22] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[23]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[24] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[25]

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[26]

### III. Discussion

Plaintiff offers three objections: (1) the ALJ's conclusions were contrary to the medical evidence; (2) the ALJ did not consider the totality of the medical evidence; and (3) the ALJ's residual functional capacity finding failed to adopt the limitations suggested by the state agency psychologists.[27]

Plaintiff's first objection is overruled because the ALJ's findings about her abilities are supported by substantial evidence. Evidence from the state agency psychologists, treatment notes, and Overstreet's statement suggest that she can follow instructions, interact with others, and adapt and manage herself with moderate limitations.[28] Substantial evidence

---

[22] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
[23] *Id.*
[24] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[25] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[26] 42 U.S.C. § 423(d)(1)(A); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).
[27] Doc. 20.
[28] *See* Doc. 19 at 17-21 (citing medical record evidence).

Case No. 20-cv-00645
Gwin, J.

supports the ALJ's findings because a reasonable person might accept this medical evidence as adequate to support the ALJ's conclusion that Overstreet has moderate limitations.

While Plaintiff points to some conflicting evidence, her objection fails to surmount the "highly deferential"[29] substantial evidence standard. The Court "does not weigh evidence, assess credibility, or resolve conflicts in testimony—that's the ALJ's job."[30]

In her first objection, Plaintiff challenges the applicability of a case cited in the Report and Recommendation, *Mullen v. Bowen*.[31] This argument does not succeed. *Mullen* dealt with conflicting appeals council and administrative law judge findings.[32] Since the appeals council never accepted review of Overstreet's case, Magistrate Judge Henderson correctly gave deference to the ALJ decision.

Plaintiff Overstreet's second objection—that the ALJ failed to consider the totality of the medical evidence—is also overruled. Overstreet argues that the ALJ only considered "select treatment notes" in his decision. That characterization is incorrect. The decision actually discusses evidence from treatment notes, Vocational Guidance Service notes, medical opinion evidence, and Plaintiff's statements.[33] The decision further explains that the ALJ reviewed the Plaintiff's allegations and testimony, forms, "the objective medical findings, medical opinions, and other relevant evidence."[34]

An ALJ is not required to "expressly reference every piece of evidence in the record."[35] Also, the ALJ does not need to "make explicit credibility findings" for every piece of

---

[29] *Rottmann v. Comm'r of Soc. Sec.*, 817 F. App'x 192, 196 (6th Cir. 2020) (unpublished).
[30] *Dyson v. Comm'r of Soc. Sec.*, 786 F. App'x 586, 588 (6th Cir. 2019) (unpublished).
[31] 800 F.2d 535 (6th Cir. 1986).
[32] *Id.* at 545.
[33] Tr. at PageID #: 87-88; Doc. 19 at 22.
[34] Tr. at PageID #: 88.
[35] *Rottmann*, 817 F. App'x at 196.

Case No. 20-cv-00645
Gwin, J.

conflicting evidence, "so long as his factual findings as a whole show that he implicitly resolved such conflicts."[36] Plaintiff objects to the fact that some evidence cited in the R&R was not cited in the ALJ opinion, but "an ALJ's failure to cite specific evidence does not indicate that it was not considered."[37]

Finally, Plaintiff's third objection is overruled because the ALJ is not required to adopt every limitation that state agency psychologists suggested. As the Sixth Circuit has explained, "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."[38]

Substantial evidence supports the ALJ's residual functional capacity findings because the residual functional capacity reflects medical evidence limitations. For her residual functional capacity, the ALJ found that Plaintiff Overstreet "can perform simple, routine tasks in a low stress environment (no fast pace, strict quotas or frequent duty changes)."[39] That residual functional capacity accounts for Overstreet's need for breaks by eliminating jobs with rigid requirements.

An ALJ must "adequately portray[]" the claimant's limitations in the residual functional capacity determination, but can do so without using the "exact language" of the state agency psychologists.[40] Here, the ALJ met that obligation by crafting a residual functional capacity

---

[36] *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (unpublished) (citing *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir.1999)).
[37] *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (unpublished).
[38] *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (unpublished).
[39] Tr. at PageID #: 86.
[40] *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436 (6th Cir. 2014) (unpublished).

Case No. 20-cv-00645
Gwin, J.

that conveyed Plaintiff Overstreet's limitations without using the exact phrase "flexible breaks."

### IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the decision of the Commissioner of Social Security.

IT IS SO ORDERED.


Dated: September 13, 2021            *s/     James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE